Andre WILLIAMS, Appellant–Plaintiff,

v.

William MASCHMEYER and Paula Clarkston, Appellees–Defendants.

No. 49A05–0702–CV–82.

Court of Appeals of Indiana.

July 31, 2007.

Andre Williams, Carlisle, IN, Appellant pro se.

Mark J. Roberts, Julia Blackwell Gelinas, Lucy R. Dollens, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

MAY, Judge.

Andre Williams appeals the summary judgment for William Maschmeyer and Paula Clarkston in his legal malpractice action against them for alleged ineffective assistance in a criminal proceeding. Williams claims the court should have held Maschmeyer and Clarkston's motion in abeyance until he had exhausted all possible collateral attacks against his criminal convictions. We affirm.

### FACTS AND PROCEDURAL HISTORY

In 2001, the State charged Williams with three crimes. Maschmeyer and Clarkston represented Williams at trial. He was found guilty on January 17, 2002, and sentenced on March 5, 2002. His conviction was affirmed on appeal. On December 30, 2004, Williams sought post-conviction relief, alleging trial counsel were ineffective. The court denied that petition on November 11, 2005. Williams appealed. On August 9, 2006, we affirmed the denial of Williams' petition for post-conviction relief based on waiver. On September 27, 2006, we issued an opinion on rehearing in which we addressed Williams' allegations of ineffective assistance and rejected those claims. Williams petitioned for transfer, which our Indiana Supreme Court denied on November 8, 2006.

Meanwhile, on December 30, 2005, Williams filed a civil claim for legal malpractice against Maschmeyer and Clarkston. His grounds for malpractice were the same as those asserted in his post-conviction petition. On September 25,

2006, Maschmeyer and Clarkston filed a motion for summary judgment in which they asserted the malpractice claims was barred by *res judicata*, as it was identical to the ineffective assistance claim in the post-conviction petition. The trial court granted summary judgment on December 5, 2006.

## DISCUSSION AND DECISION

■ When reviewing a summary judgment, we apply the same standard the trial court does. *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d 606, 613 (Ind.Ct. App.2000), *trans. denied* 753 N.E.2d 8 (Ind.2001). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We do not weigh the evidence; rather, we consider the facts in the light most favorable to the nonmovant. *Rogier,* 734 N.E.2d at 613. While the summary judgment is clothed with a presumption of validity, we carefully assess the trial court's decision to ensure the non-movant was not wrongly denied his day in court. *Kennedy v. Guess, Inc.,* 806 N.E.2d 776, 779 (Ind.2004), *reh'g denied.*

■ Williams "concedes that under Indiana precedent, 'a [post-conviction] finding that counsel was not ineffective provides the necessary identity of issues to preclude a malpractice action stemming from the same proceedings.' *Belford v. McHale, Cook & Welch,* 648 N.E.2d 1241, 1245 (Ind.Ct.App.1995)[, *reh'g denied, trans. denied* ]." (Appellant's Br. at 5.) Nevertheless, he asserts the trial court should have held his malpractice action in abeyance because:

> Plaintiff advised the trial court that he would file a timely Petition for Writ of Habeas Corpus in the United States District Court, if denied Transfer in the Indiana Supreme Court, and if denied relief in the United States ˙District

Court, would appeal that decision to the United States Court of Appeals for the Seventh Circuit, as well as seek review before the United States Supreme Court.

(*Id.* at 6.) That assertion did not require the trial court to hold the malpractice action in abeyance.

A nearly identical set of facts was presented in *Hockett v. Breunig,* 526 N.E.2d 995 (Ind.Ct.App.1988). A criminal defendant petitioned for post-conviction relief alleging ineffective assistance and filed a malpractice action against his attorneys. After the post-conviction court found counsel was not ineffective, but prior to the conclusion of the appeal, the trial court granted summary judgment in the malpractice action. When Hockett appealed, we held:

> We also reject Hockett's contention that the lower court should not have ruled on the motion for summary judgment regarding the attorney competence issues before this court decided his post-conviction relief appeal. In *Nill v. Comparet* (1861), 16 Ind. 107, our supreme court observed that "the only effect of an appeal to a Court of Error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, stands binding upon the parties, as to every question directly decided." *Id.* at 109. Hockett's pending appeal of his post-conviction relief action did not alter the finality of that court's judgment. *See id.; see also In Re Estate of Nye* (1973), 157 Ind.App. 236, 299 N.E.2d 854, *trans. denied* (an Indiana judgment is clearly binding pending appeal). Hockett's allegation that it was improper for the trial court to grant summary judgment in the malpractice action prior to the disposition of

the post-conviction appeal is without merit.

*Id.* at 998.[1]

Neither did the trial court need to wait until Williams exhausted every other possible form of collateral attack.[2] Regardless of whether Williams receives relief in a federal habeas corpus proceeding, the question whether his trial counsel provided ineffective assistance was litigated in Williams' post-conviction petition and may not be re-litigated. *See Belford,* 648 N.E.2d at 1246 ("The issue of ineffective assistance of counsel was decided unfavorably to [defendant] and affirmed.... As a matter of law, the trial court properly granted summary judgment in favor of [the attorneys] on [defendant's] claim for malpractice relating to the investigation, guilty plea, and sentence.").

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.

---

1. We note that "the only effect of an appeal," observed by our supreme court in *Nill,* is no longer an "effect" because Ind. Appellate Rule 39 now provides: "An appeal does not stay the effect or enforceability of a judgment or order of a trial court ... unless the trial court ... or Court on Appeal otherwise orders."

2. To support his argument, Williams cites *Silvers v. Brodeur,* 682 N.E.2d 811, 818 n. 4 (Ind.Ct.App.1997), *trans. denied* 690 N.E.2d 1189 (Ind.1997), where we noted: "It may be advisable for a trial court, in legal malprac-

tice proceedings, to hold the malpractice claim in abeyance until the conclusion of any criminal proceedings which bear either on the criminal defendant's conviction or the effectiveness of his attorney." That language does not control the outcome here because all proceedings still available to Williams are civil, not criminal. *See Stevens v. State,* 770 N.E.2d 739, 745 (Ind.2002) ("Post-conviction proceedings are civil proceedings, and a defendant must establish his claims by a preponderance of the evidence."), *reh'g denied, cert. denied,* 540 U.S. 830, 124 S.Ct. 69, 157 L.Ed.2d 56 (2003).