NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted June 3, 2009 [*]
Decided June 15, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1151

| | |
|---|---|
| GORDON B. DEMPSEY and GORDON B. DEMPSEY, P.C., | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *Plaintiffs-Appellants*, | |
| *v.* | No. 06 C 996 |
| JP MORGAN CHASE BANK, | |
| *Defendant-Appellee*. | John Daniel Tinder, *Judge*. |

**ORDER**

This is Gordon Dempsey's second visit to this court.  The first time around, we concluded that the district court wrongly dismissed, on the merits, part of his suit because

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

review of one of his claims was foreclosed by the *Rooker-Feldman* doctrine. Because Dempsey's suit was largely frivolous, the district court ordered him to pay attorney's fees, including those associated with the barred claim. Accordingly, we also instructed the district court to recalculate the award to exclude any fees associated with that claim, which the district court has now done. Dempsey, believing the award is still too high, has appealed again.

We presume familiarity with our prior order, *Dempsey v. JP Morgan Chase Bank*, No. 07-3169 (7th Cir. Mar. 31, 2008), and will only briefly recount the facts here. Dempsey's troubles began when, after six years of litigation, he found himself on the losing end of a six-figure judgment. Eventually, over Dempsey's objections, an Indiana court ordered an execution sale of property owned by Dempsey as part of an effort to collect on the judgment. JP Morgan Chase, who held a mortgage interest on the property, bid the amount outstanding on its loan, and that bid carried the day. But of course, the sale did nothing to reduce the judgment. Chase eventually obtained a writ of assistance to evict Dempsey and the other two tenants in the building, which, unfortunately, was executed right around the time Dempsey's cousin passed away.

Dempsey then sued Chase in state court, claiming that: (1) the bank breached the mortgage agreement when it (a) purchased the property for an amount equal to the lien and (b) when it evicted him instead of assigning the property back to him; (2) that its execution of the writ of assistance during a time of family tragedy was unfair; and (3) that it violated the rights of the tenants who had rented space in the property. Chase removed the case to federal court based on diversity jurisdiction, where Dempsey's first two arguments were dismissed for failing to state a claim. The district court also concluded that Dempsey lacked standing to argue on behalf of the tenants and remanded that claim back to the state court.

Chase, arguing that the suit was frivolous, also sought an award of attorney's fees, IND. CODE § 34-52-1-1(b), a request that was granted, in part. After making some deductions not relevant here, the court also subtracted the fees associated with the tenants-rights claim, which had been remanded to state court. It determined that the remanded claim amounted to one-third of the issues of the case and lopped off a third of the remaining fee request from the award, for a total of $29,539.67 in fees and $1,023.05 in costs.[1]

---

[1] $56,659.50 (Chase's requested amount) - $12,350 (deducted fees) = $44,309.50. $44,309.50 x (2/3) = $29,539.67.

Dempsey then appealed. Although we agreed with the district court for the most part, we concluded that part of Dempsey's challenge was barred by the *Rooker-Feldman* doctrine. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476, 482-83 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). Dempsey's first argument--that Chase breached the mortgage agreement--consisted of two subparts. We concluded that the first subargument--that Chase breached the mortgage by paying too little--was really an attack on the state court's order allowing the execution sale, which expressly authorized mortgagees like Chase to bid the value of their liens. Thus, we concluded that the court lacked jurisdiction to hear the claim. But the remaining claims--that Chase breached the mortgage agreement by evicting him and that its execution of the writ of assistance was unfair--we easily dismissed as wholly without merit. We remanded the case to the district court so that it could send the barred claim back to the state court.

During the first appeal Dempsey did not challenge the amount of the attorney's fees awarded, but instead only argued that the district court erred when it determined that his claims were frivolous. We disagreed, finding what remained of his suit meritless. But because the district court shouldn't have decided the merits of the claim barred by the *Rooker-Feldman* doctrine, we ordered the court to recalculate the award to only reflect Chase's defense of the eviction and execution-of-writ claims.

On remand the district court recaclulated the attorney's fees award by employing the same method it did initially, breaking Dempsey's arguments into three major claims. It concluded that the mortgage agreement claim (including both subarguments) amounted to one- third of the case and attributed one-third of Chase's requested fees to that claim. But we only ordered the district court to deduct fees relating to the mortgage-agreement claim to the extent it took issue with Chase's purchase of the property. Estimating that this subargument accounted for one-half of the mortgage-agreement claim, the court deducted half of the fees attributable to the general claim, reducing the award to $22,157.75.[2] Dempsey then filed a motion to reconsider, which was denied.

Dempsey has appealed once again and now maintains that the district court's award of attorney's fees is still too high. His arguments are often difficult to follow, but he seems to believe that the award was over-inclusive and contends that it should have excluded

---

[2] $56,659.50 (Chase's requested amount) - $12,350 (deducted fees) = $44,309.50. $44,309.50 x (1/3) = $14,769.83 (breach of mortgage agreement claim). $14,769.83 (breach of mortgage agreement claim) / 2 = $7,384.92 (breach of mortgage claim pertaining to Chase's purchase). $29,539.67 (original award) - $7,384.92 = $22,154.75.

Chase's fees related to things like removing the case to federal court, contesting a motion for a preliminary injunction he filed, and defending equitable claims related to the purchase of the property and the writ of assistance.

As an initial matter, we note that during the first appeal, Dempsey did not challenge the amount of the fee award or the district court's method of calculating the award. Instead, he argued only that his claims were not frivolous and therefore Chase Bank was entitled to no fees. *See* IND. CODE § 34-52-1-1(b). Dempsey's strategy during the first appeal limits what he may argue now--he "cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal . . . ." *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996); *see also United States v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2007). That's because, by failing to challenge the amount of the fee award during the first appeal, he waived that argument, and therefore that issue was outside the scope of our remand. *See United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("[T]his court does not remand issues to the district court when those issues have been waived or decided."). Thus, to the extent that Dempsey now quibbles with the amount of the award, those arguments are foreclosed.

Ultimately, it seems that Dempsey is really challenging, through the back door, our previous conclusion that the bulk of his suit was frivolous. This court and the district court analyzed the attorney's fees award under the same framework, dividing the suit into three basic claims, with, as we have just noted, no protest from Dempsey. Dempsey now tries to recategorize his claims into many more splinters, and he seems to assume that these splinter arguments are not frivolous. Thus, according to Dempsey, Chase Bank is actually entitled to a far smaller portion of its originally requested award. We have already affirmed, for the most part, the district court's attorney's fees award, including the findings of frivolity. Our remand was narrow and limited--we asked the district court only to deduct fees related to Dempsey's claim that the purchase of the property for the amount owed violated the mortgage agreement, since it was barred by the *Rooker-Feldman* doctrine. Issues that have been conclusively decided on the first appeal are also outside the scope of the remand. *Husband*, 312 F.3d at 251. These conclusions are not up for a second review.

Accordingly, the judgment of the district court is **AFFIRMED**.