In the Matter of Gordon B.
DEMPSEY, Respondent.

No. 49S00–1101–DI–5.

Supreme Court of Indiana.

May 2, 2013.

## PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable Justin H. Hunter, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 1999, Respondent entered into a land contract with a husband and wife ("Sellers") to purchase multi-unit residential property for $500,000. In 2001, Sellers filed suit seeking foreclosure or forfeiture, alleging default by Respondent. On March 22, 2002, the trial court entered a decree of foreclosure and assessed damages against Respondent. Ten days before the scheduled foreclosure sale, Respondent filed a Chapter 13 bankruptcy petition, automatically staying the sale. The bankruptcy court later lifted the stay, and the property was sold at a foreclosure sale in November 2004, resulting in a deficiency judgment of about $164,000. Also in November 2004, the bankruptcy court denied confirmation of the last of Respondent's eight proposed Chapter 13 plans and dismissed his Chapter 13 because of unreasonable delay. Respondent and Sellers settled all issues between them in early 2008.

In the course of these proceedings, Respondent initiated three appeals in the foreclosure action and a consolidated appeal in the bankruptcy case. The appellate courts at various points found that Respondent attempted to relitigate issues that were res judicata (even after being warned not to do so), that he committed egregious violations of the Appellate Rules, that he misstated facts and ignored court rulings, that he had become obstreperous, indicating a lack of good faith, and that he made baseless, inflammatory accusations against Seller husband and his non-party daughter (alleging mental disabilities), against Sellers' attorneys, and against the courts.

In 2009, Respondent handed out flyers entitled "Stop the Plunder in Bankruptcy Court" in downtown Indianapolis. The flyer, which was based upon Respondent's Chapter 13 bankruptcy case, called Sellers (without naming them) "slumlords," called their attorneys (naming the firm) "bloodsucking shylocks" who were part of a "heavily Jewish (sic) ... reorganization cartel," and made free-ranging disparaging remarks about Jews generally, from the fall of Jericho, through 1925 Berlin, to their alleged involvement in the 9/11 attacks.

*Aggravating and mitigating facts.* The hearing officer found as a fact in aggravation that Respondent continued his offensive conduct in this disciplinary proceeding by, for example, seeking discovery to establish that Sellers were mentally impaired, serving interrogatories upon the Commission seeking confirmation of Respondent's anti-Semitic statements, attempting to use discovery to ask for the names of Commission members and others with Jewish affiliations, and attacking the merits of rulings in the bankruptcy and foreclosure proceedings that were long ago final.

The hearing officer found in mitigation that Respondent has no prior discipline. We note, however, that although Respondent has not been formally disciplined by this Court, he has been admonished and sanctioned in other proceedings for misstating facts, ignoring court rulings, committing egregious rule violations, and asserting meritless claims. *See Dempsey v. Belanger*, 959 N.E.2d 861, 869 (Ind.Ct. App.2011), *trans. denied, Dempsey v. Carter*, No. 49A05–0510–CV–603, 2007 WL 114086 (Ind.Ct.App. Jan. 18, 2007), *trans. denied, Matter of Dempsey*, No. 1:04–cv–1308–JDT–TAB (S.D.Ind. Nov. 16, 2004) (discussed in *Dempsey v. Carter*, at *5).

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.1: Asserting a position for which there is no non-frivolous basis in law or fact.

4.4: Using means that have no substantial purpose other than to embarrass, delay, or burden a third person.

8.4(g): Engaging in conduct that was not legitimate advocacy, in a professional capacity, manifesting bias or prejudice based upon race, religion, and disability (mental condition).

We emphasize that none of these violations are based on any communication that falls within Respondent's broad constitutional right to freedom of speech and expression. We conclude that Respondent's conduct far exceeded zealous advocacy and included repeated abuse of the tools of the legal system itself, including discovery, to direct scurrilous and repugnant attacks against his opponents and others.

**Discipline:** Respondent's history of unethical litigation practices, his continued attacks on those involved in the bankruptcy and foreclosure actions and in this disciplinary proceeding, the virulent bigotry he has manifested in these proceedings, and his lack of any insight into his misconduct suggest that disbarment may be justified. Nevertheless, a majority of this Court has decided not to close the door permanently on the possibility of Respondent's professional rehabilitation. The Court will therefore impose a substantial suspension, after which Respondent may choose to undergo a rigorous reinstatement process to prove his understanding of his ethical duties and remorse before resuming practice.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than three years, without automatic reinstatement, beginning June 12, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the

parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who votes to disbar Respondent.