**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**GORDON B. DEMPSEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID J. JURKIEWICZ**
**NATHAN T. DANIELSON**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GORDON B. DEMPSEY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1303-PL-218 |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Caryl F. Dill, Temporary Judge
Cause No. 49D05-0606-PL-23031

**October 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Gordon B. Dempsey[1] appeals the trial court's grant of summary judgment in favor of JPMorgan Chase Bank, N.A. ("Chase"), and its award of attorney's fees to Chase. We affirm in part, reverse in part, and remand.

In a prior, protracted lawsuit, which we refer to as the Carter litigation, a party prevailed against Dempsey. The party sought to collect on its judgment against Dempsey by obtaining a writ of execution upon a piece of property in Marion County. Dempsey owned the property, subject to a mortgage from Chase, and had leased portions of it to several tenants. The property was sold at an execution sale in 2005, and Chase purchased it for the amount Dempsey owed on the mortgage. Dempsey did not relinquish possession of the property, so Chase obtained a writ of assistance from the court and evicted Dempsey and the tenants. As we discuss in more detail below, Dempsey vigorously challenged the writ of execution and the writ of assistance in the Carter litigation.

The current case began in 2006 when Dempsey sued Chase, alleging breach of the mortgage agreement and improprieties in the property sale and eviction process. Chase removed the case to the United States District Court for the Southern District of Indiana. The federal court proceedings were resolved by the United States Court of Appeals for the Seventh Circuit, which reviewed Dempsey's claims against Chase and determined that two of them should be returned to the Marion Superior Court for adjudication: (1) Chase allegedly violated the mortgage agreement by purchasing the property for the

---

[1] Gordon B. Dempsey, P.C., was also a party to this case below and on appeal, but this Court dismissed it from this appeal by order dated July 17, 2013.

value of its lien, thereby failing to protect Dempsey's equity in the property, and (2) Chase allegedly violated the tenants' right to due process of law by evicting them without a hearing. *Dempsey v. JPMorgan Chase Bank*, 272 F. App'x 499, 502-04 (7th Cir. 2008).

In addition, the Seventh Circuit remanded the case to the district court to recalculate an award of attorney's fees to Chase. The district court issued a recalculated attorney's fees award to Chase in the amount of $22,157.75, and Dempsey appealed. The Seventh Circuit later affirmed the recalculated fee award. *Dempsey v. JPMorgan Chase Bank*, 335 F. App'x 614, 617 (7th Cir. 2009).

In 2010, the case was returned to the Marion Superior Court to address the two remaining claims. Chase filed a motion for summary judgment and a request for attorney's fees and costs. The court granted summary judgment to Chase and ordered Dempsey to pay Chase $141,545.21 in attorney's fees and costs. This appeal followed.

Dempsey raises four issues, which we consolidate and restate as: whether the trial court erred in granting summary judgment to Chase and whether the trial court abused its discretion in awarding attorney's fees and costs.

## I. SUMMARY JUDGMENT

This Court applies the same standard as the trial court when reviewing a grant or denial of summary judgment. *Herron v. Anigbo*, 897 N.E.2d 444, 448 (Ind. 2008). Therefore, summary judgment is to be affirmed only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Id.* All

3

facts established by the designated evidence, and all reasonable inferences drawn from them, are to be construed in favor of the nonmoving party. *Id.*

Chase argues that the doctrine of collateral estoppel applies to Dempsey's claims. Collateral estoppel operates to bar a subsequent relitigation of the same fact or issue that was necessarily adjudicated in a former suit. *Collins v. HSBC Bank USA*, 974 N.E.2d 537, 543 (Ind. Ct. App. 2012). The adjudication of an issue will be conclusive against a party in later actions where: (1) the party had a full and fair opportunity to litigate the issue; and (2) the use of collateral estoppel would not otherwise be unfair. *Id.*

Here, one of Dempsey's two remaining claims was that Chase failed to protect his equity in the property at issue by purchasing the property for the amount owed on the mortgage. During the Carter litigation, he had ample opportunity to address the circumstances surrounding the sale of his property, and he vigorously challenged Chase's actions. Dempsey filed a motion to set aside the sale, claiming Chase's purchase price was "wholly inadequate," Appellant's App. p. 83, which effectively resulted in the bank seizing his equity in the property. After the sale of the property, Dempsey filed a motion under Trial Rule 60(B), in which he again asserted that the sale of the property was unjust because he lost his equity. In addition, he filed a lis pendens notice, in which he stated, "[Dempsey] believes the May 18, 05 purchaser, [Chase], also breached its contract with [Dempsey]." Appellee's App. p. 24. Finally, Dempsey appealed the denial of his motion to set aside the foreclosure sale in the Carter litigation, and this Court affirmed the denial in an unpublished Memorandum Decision. *Dempsey v. Carter*, No. 49A05-0510-CV-603

4

(Ind. Ct. App. Jan. 18, 2007), *trans. denied*. On appeal, he argued that Chase had breached its obligations to him under the mortgage.

Chase was not a party to the Carter litigation. However, a defendant may raise collateral estoppel in a "defensive" capacity by seeking to prevent a plaintiff from asserting a claim which the plaintiff has previously litigated and lost against another defendant. *Slutsky v. Crews*, 713 N.E.2d 288, 291 (Ind. Ct. App. 1999). Here, the undisputed facts establish that Dempsey had a full and fair opportunity in the Carter litigation to challenge the circumstances surrounding the sale of his property and his eviction, and it would not be unfair to apply collateral estoppel as to his claim against Chase for failing to protect his equity during the execution sale. The trial court did not err in applying collateral estoppel here.

Dempsey's second claim that survived the federal proceedings is that Chase wrongfully evicted his tenants without a hearing. Dempsey concedes that the validity of this claim is "dependent upon his showing that Chase wrongfully deprived him of . . . landlord status." Appellant's Reply Br. p. 10. Having determined that the trial court did not err in granting summary judgment to Chase on his claim arising out of the execution sale, we need not address this claim.

Next, Dempsey says that the Seventh Circuit wrongfully ignored other claims he asserted against Chase in his complaint, including abuse of process and malicious prosecution, effectively eliminating them from this case. His opportunity to seek rehearing or further review of the Seventh Circuit's opinions has passed. The trial court did not err in granting Chase's motion for summary judgment.

## II. ATTORNEY'S FEES AND COSTS

Dempsey argues that the trial court should not have awarded attorney's fees and costs to Chase. The court awarded fees and costs pursuant to Indiana Code section 34-52-1-1(b),[2] which provides:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.

Where, as here, the trial court issues an order on attorney's fees without setting forth findings of fact and conclusions, we restrict our review to determining whether the court abused its discretion. *America's Directories, Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059, 1071 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs when the court's decision is against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.*

Here, the court determined that Chase was entitled to an award of attorney's fees and costs because Dempsey's "initiation and continued prosecution of the lawsuit has been unreasonable, frivolous, and groundless." Appellant's App. p. 17. A claim is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is

---

[2] The trial court's order cites to Indiana Code section 35-52-1-1(b), but no such statute exists. Considering the context of the order, we conclude the court intended to cite Indiana Code section 34-52-1-1(b).

unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. *America's Directories* at 1070-71. A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation. *Id.* at 1071. A claim is "groundless" if no facts exist which support the claim relied upon by the losing party. *Id.* The court is not required to find an improper motive to support an award of attorney's fees; rather, an award may be based solely on a lack of good faith and rational argument in support of the claim. *Holland v. Steele*, 961 N.E.2d 516, 527 (Ind. Ct. App. 2012), *trans. denied*.

We determined above that Dempsey's claims against Chase are barred by collateral estoppel, or are contingent upon a claim that is barred, because he had ample opportunity to litigate these claims in a prior lawsuit. Dempsey's assertion that collateral estoppel does not apply is unsupported by good faith argument. Thus, Dempsey's claims are indeed groundless and frivolous, and the trial court did not abuse its discretion by awarding Chase attorney's fees and costs for defending itself against Dempsey's claims.

Next, Dempsey says the amount of the award, $141,545.21, was too high. Like the decision to award fees, the amount of fees awarded is within the discretion of the trial court and will be reversed only if the award is against the logic and effects of the facts and circumstances before the court. *Id.*

Here, the trial court's award was within the range of evidence presented. However, Dempsey notes that Chase was awarded attorney's fees during federal court

7

proceedings in this case. *See Dempsey*, 335 F. App'x at 617. He argues that the trial court's award of fees addressed both federal and state court proceedings. Chase's fee petition to the trial court included work its attorneys performed in the federal proceedings. Furthermore, in the petition Chase did not distinguish between state and federal proceedings or address the impact of its prior award of attorney's fees. Chase is entitled to an award as compensation for its attorneys' work, but it is not entitled to a double recovery. *See* Ind. Code § 34-52-1-1(c) ("The prevailing party may not recover the same attorney's fees twice."). It is thus necessary to reverse the trial court's award of attorney's fees and costs and remand for further proceedings to ensure that the court's award does not improperly overlap with the award of attorney's fees in federal court.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court in part, reverse in part, and remand for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

BAILEY, J., and BARNES, J., concur.