## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 26 2019, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT, PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Kevin L. Martin | Jamie C. Woods |
| | Christopher S. Riley |
| | Thorne Grodnik, LLP |
| | Mishawaka, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Martin,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Arvil R. Howe,<br>*Appellee-Defendant.* | September 26, 2019<br><br>Court of Appeals Case No.<br>19A-CT-1126<br><br>Appeal from the St. Joseph Circuit Court<br><br>The Honorable John Broden, Judge<br><br>Trial Court Cause No.<br>71C01-1803-CT-123 |

**Pyle, Judge.**

## Statement of the Case

[1]     Kevin Martin ("Martin"), pro se, appeals the trial court's grant of summary

judgment in favor of attorney Arvil Howe ("Howe") in Martin's legal

malpractice action. Because the issue of ineffective assistance of counsel was decided unfavorably to Martin and affirmed on appeal, the trial court properly granted summary judgment in favor of Howe.

We affirm.

# Facts

The State charged Martin with murder in July 2006. Howe was Martin's public defender at trial. A jury convicted Martin as charged in February 2007, and the trial court sentenced him to sixty-five (65) years. In the appeal of his conviction and sentence, Martin argued that Howe was ineffective. This Court disagreed with Martin and concluded that Howe was not ineffective. *See Martin v. State*, No. 71A03-0707-CR-323 (Ind. Ct. App. Dec. 31, 2007), *trans. denied*.

In June 2008, Howe filed a petition for post-conviction relief wherein he again argued that Howe was ineffective. In its order denying Martin's petition in December 2017, the post-conviction court explained as follows:

> The issue of ineffectiveness of trial counsel was raised on direct appeal and therefore the Court of Appeals' finding that trial counsel was not ineffective is res judicata as to this issue and he

may not re-litigate it in a PCR proceeding.[1]  *See Timberlake v. State,* 753 N.E.2d 591, 602 (Ind. 2001).[2]

(Appellee's App. Vol. 2 at 14-15).  Martin appealed the denial of his post-conviction petition, and this Court dismissed the appeal with prejudice in May 2018.

In January 2018, during the pendency of his post-conviction appeal, Martin filed a legal malpractice complaint against Howe.  Howe filed a summary judgment motion, which the trial court granted.  In its order granting Howe's motion, the trial court concluded that because the post-conviction court had previously determined that Howe was not ineffective, the doctrine of claim preclusion barred subsequent litigation of the issue, including Martin's claims against Howe in the legal malpractice action.  Martin now appeals the trial court's grant of Howe's summary judgment motion.

## Decision

At the outset, we note that Martin proceeds pro se.  A litigant who proceeds pro se is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert.*

---

[1] [1] The post-conviction court alternatively concluded that Howe was not ineffective.  Specifically, the post-conviction court explained that Martin had not met his burden of proof to show that Howe was ineffective.  According to the post-conviction court, Martin's questioning of Howe at the post-conviction hearing had developed no facts supporting Martin's allegations and Martin had offered no other evidence supporting his claim.

[2] In *Timberlake*, the Indiana Supreme Court explained that where Timberlake raised an ineffective assistance of counsel claim on direct appeal, and the Indiana Supreme Court considered and rejected it, res judicata barred Timberlake from relitigating the issue in post-conviction proceedings.  *Timberlake*, 753 N.E.2d at 602.

*dismissed*. One risk a litigant takes when he proceeds pro se is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006). We will not become an advocate for the party or address arguments that are too poorly developed or expressed to be understood. *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016). We now turn to the merits of Martin's appeal.

[7] Martin argues that the trial court erred in granting Howe's summary judgment motion. We review an order for summary judgment de novo, which is the same standard of review applied by the trial court. *Ind. Restorative Dentistry, P.C. v. Laven Ins. Agency, Inc.,* 27 N.E.3d 260, 264 (Ind. 2015). The moving party must "affirmatively negate an opponent's claim" by demonstrating that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* The burden then shifts to the nonmoving party to demonstrate a genuine issue of material fact. *Id.*

[8] In deciding whether summary judgment is proper, we consider only the evidence the parties specifically designated to the trial court. Ind. Trial Rule 56(C), (H). We construe all factual inferences in favor of the nonmoving party and resolve all doubts regarding the existence of a material issue against the moving party. *Carson v. Palombo*, 18 N.E.3d 1036, 1041 (Ind. 2014). Where material facts are not in dispute, the issue is the application of the law to the

facts. *Belford v. McHale Cook & Welch*, 648 N.E.2d 1241, 1244 (Ind. Ct. App. 1995), *trans. denied*.

[9] In *Belford*, this Court explained that, as a matter of law, where "[t]he issue of ineffective assistance of counsel was decided unfavorably to [Belford] and affirmed" on appeal, the trial court properly granted summary judgment in favor of the attorney in Belford's legal malpractice claim. *Id.* This is because a finding that counsel was not ineffective provides the necessary identity of issues to preclude a malpractice action stemming from the same proceedings. *Id.* at 1245 (citing *Hockett v. Breunig*, 526 N.E.2d 995, 999-1003 (Ind. Ct. App. 1988)) (Shields, J., concurring).

[10] Here, as in *Belford*, the issue of ineffective assistance of counsel was decided unfavorably to Martin and affirmed on appeal. Accordingly, here, as in *Belford*, the trial court properly granted summary judgment in favor of Howe on Martin's legal malpractice claim. *See also Williams v. Maschmeyer*, 870 N.E.2d 1069, 1071 (Ind. Ct. App. 2007) (holding that where "the question whether [Williams'] trial counsel provided ineffective assistance [of counsel] was litigated in Williams' post-conviction petition[,]" it may not be relitigated in a legal malpractice case).

[11] Affirmed.

Robb, J. and Mathias, J., concur.