**Brian Dale HAYES, as Administrator of the Estate of Dorothy Rodarmel, Deceased, Appellants–Plaintiffs,**

v.

**WESTMINSTER VILLAGE NORTH, INC., Appellee–Defendant.**

No. 49A02–1010–CT–1141.

Court of Appeals of Indiana.

Aug. 3, 2011.

Rehearing Denied Oct. 17, 2011.

Norris Cunningham, Kathryn Elias Cordell, Indianapolis, IN, Attorneys for Appellee.

Cheryl A. Planck, Indianapolis, IN, Attorney for Appellants.

## OPINION

BARTEAU, Senior Judge.

Plaintiff–Appellant Brian Dale Hayes, as administrator of the Estate of Dorothy Rodarmel ("Hayes"), appeals the trial court's grant of summary judgment to Defendant–Appellee Westminster Village North, Inc. ("Westminster"). We reverse and remand.

### ISSUE

Hayes raises four issues, which we consolidate and restate as: whether the trial court erred by granting Westminster's motion for summary judgment.

### FACTS AND PROCEDURAL HISTORY

Westminster operates a nursing home. Dorothy Rodarmel lived at Westminster's nursing home from August 22, 2001, until December 3, 2007. On December 3, 2007, Rodarmel was transferred from the nursing home to a hospital for emergency

treatment. Rodarmel remained at the hospital until she died on December 14, 2007.

On December 14, 2009, Hayes filed a proposed complaint against Westminster with the Indiana Department of Insurance, presenting a survivor action for negligence caused by medical malpractice. On December 17, 2009, the Department notified Hayes that Westminster was not a qualified health care provider under the Medical Malpractice Act due to Westminster's failure to provide proof of financial responsibility and to pay a required surcharge. Next, on December 18, 2009, Hayes filed suit against Westminster in the Marion Superior Court, again raising a survivor action for negligence caused by medical malpractice. Westminster filed a motion for summary judgment. After Westminster filed its motion, Hayes filed a request for leave to amend the complaint to add a claim for wrongful death. The trial court held a hearing on the pending motions. Subsequently, the trial court granted Hayes' motion to amend his complaint. On the same day, the trial court also issued findings of fact and conclusions of law granting Westminster's motion for summary judgment, determining that Hayes' "allegation of medical negligence and proposed allegation of wrongful death as a result of medical negligence are barred by the statute of limitations." Appellant's App. p. 4.[1]

## DISCUSSION

■ We review an appeal from summary judgment de novo. *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1243 (Ind.2010). Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C). All facts established by the designated evidence and inferences therefrom are to be construed in favor of the non-moving party. *Eads*, 932 N.E.2d at 1243. A defendant who asserts an affirmative statute of limitations defense must establish that the action was commenced after the limitation period has run. *Id.* The burden then shifts to the plaintiff to show a material fact that precludes summary judgment. *Id.*

■ In this case, Hayes alleged in his initial complaint that Westminster had been negligent in its treatment of Rodarmel. In Indiana, "[a]n action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, may not be brought, commenced, or maintained, in any of the courts of Indiana against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless the action is filed within two (2) years from the date of the act, omission, or neglect complained of." Ind.Code § 34–11–2–3 (1998).[2] Furthermore, where, as here, a wrongful death claim is based on medical malpractice, the claim "must be filed by the personal representative within two years of the occurrence of the malpractice." *Newkirk v. Bethlehem Woods Nursing & Rehab. Ctr., LLC*, 898 N.E.2d 299, 302 (Ind.2008). Thus, Hayes was obligated to file his negligence and wrongful death claims within two years of the date of Westminster's alleged harm to Rodarmel. The last date on which Rodarmel was in Westminster's care was December

---

1. We note that the Appellant's Appendix is not consecutively paginated, which hindered appellate review.

2. The Indiana Medical Malpractice Act also sets forth a two year statute of limitations for claims by adult victims of medical malpractice. *See* Indiana Code § 34–18–7–1(b) (1998).

3, 2007. There is no allegation in the record that Westminster negligently caused harm to Rodarmel that was not discovered until after that date. Thus, Hayes was obligated to file suit against Westminster within two years of December 3, 2007, which would have been December 3, 2009. He did not file his civil complaint until December 18, 2009.

■ Hayes contends that his claims against Westminster are not barred by the statute of limitations due to the savings clause set forth in Indiana Code section 34–11–6–1 (1998). That statute provides, "[a] person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed." *Id.* The phrase "under legal disabilities" is defined to include persons who are "less than eighteen (18) years of age, mentally incompetent, or out of the United States." Indiana Code § 1–1–4–5(24) (2002). The issue of "unsoundness of mind" is ordinarily a question for the trier of fact. *Collins v. Dunifon,* 163 Ind.App. 201, 209, 323 N.E.2d 264, 269 (Ind.Ct.App.1975) (applying previous versions of Ind.Code § 34–11–6–1 and Ind. Code § 1–1–4–5(24)).

■ In this case, in response to Westminster's motion for summary judgment, Hayes designated medical records from the hospital where Rodarmel was treated from December 3, 2007, until her death on December 14, 2007. These records indicate that Rodarmel was diagnosed with senile dementia. When she arrived at the hospital, Rodarmel was unable to provide her medical history or respond to commands. She exhibited a "[d]ecreased level of consciousness." Appellant's App. Vol. 2, p. 11. On December 4, 2007, a doctor noted that Rodarmel was not responsive and could not provide any medical history. Rodarmel's family reported to the doctor that this condition was "her normal re-

sponsiveness level." *Id.* at p. 13. The records further indicate that Rodarmel was "aphasic." *Id.* at p. 5. "Aphasia" is defined as "[p]artial or total loss of the ability to articulate ideas in any form, resulting from brain damage." The American Heritage Dictionary of the English Language p. 60 (1981). This evidence is sufficient to establish a material dispute of fact as to whether Rodarmel was mentally incompetent at the time that she was allegedly harmed by Westminster's negligence and was transferred from Westminster to the hospital for emergency treatment. *See Collins,* 163 Ind.App. at 209–10, 323 N.E.2d at 270 (determining that affidavits detailing the victim's inability to manage his affairs were sufficient to demonstrate a genuine issue of fact regarding legal disability).

Westminster points to other entries in Rodarmel's medical records which indicate that she was sufficiently conscious to respond to medical providers' questions. Westminster also notes that Rodarmel was never adjudicated mentally incompetent in a legal proceeding. These arguments are, in essence, a request to view the evidence in the light most favorable to Westminster rather than Hayes, in violation of our standard of review.

■ Our analysis does not end with the determination that there is a dispute of fact as to whether Rodarmel was mentally incompetent and therefore under a legal disability. Indiana Code section 34–11–6–1 allows a plaintiff to bring suit up to two years after the disability is removed. Hayes does not dispute that Rodarmel's disability ended when she died on December 14, 2007. Thus, the two-year period set forth in Indiana Code section 34–11–6–1 took effect when she died, and Hayes was permitted to file suit until December 14, 2009. It is uncontested that Hayes did not file this lawsuit until December 18, 2009. Consequently, Indiana Code section

34–11–6–1 alone does not permit Hayes' claims to proceed.

Hayes filed his proposed complaint with the Indiana Department of Insurance on December 14, 2009, which was within the two-year period provided by Indiana Code section 34–11–6–1. Indiana's Journey's Account Statute ("JAS") provides:

(a) This section applies if a plaintiff commences an action and:

(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

(2) the action abates or is defeated by the death of a party; or

(3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1) three (3) years after the date of the determination under subsection (a); or

(2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff.

Indiana Code § 34–11–8–1 (2005). The JAS is not an exception to the statute of limitations; it merely allows the continuation of a previous suit filed within the statute of limitations. *Vesolowski v. Repay,* 520 N.E.2d 433, 435 (Ind.1988). Thus, when the statutory conditions are met, the JAS permits a filing after the applicable limitation period to be deemed a "continuation" of an earlier claim. *Eads,* 932 N.E.2d at 1243. Furthermore, the decision ending the original action must not have been a decision on the merits. *Vesolowski,* 520 N.E.2d at 435. The JAS has been applied in various cases involving statutory legal procedures. *See Eads,* 932

N.E.2d at 1243 (citing cases discussing the Medical Malpractice Act, the Will Contest Statute, the Wrongful Death Act, and the Products Liability Act). The JAS's "broad and liberal purpose is not to be frittered away by narrow construction." *Vesolowski,* 520 N.E.2d at 434.

In this case, the complaint that Hayes filed with the Indiana Department of Insurance failed, but not due to negligence by Hayes. Rather, the Department of Insurance determined that Westminster was not subject to the Medical Malpractice Act due to Westminster's failure to file proof of financial responsibility and to pay a required surcharge. The Department of Insurance's notification expressed no opinion on the merits of Hayes' claim. Furthermore, Hayes' suit in the Marion Superior Court was a continuation of his action at the Indiana Department of Insurance because he raised an identical claim. Consequently, the JAS applies to this case, and Hayes' complaint was not subject to summary judgment on the basis of the statute of limitations. *See Irwin Mortg. Corp. v. Marion Cnty. Treasurer,* 816 N.E.2d 439, 445 (Ind.Ct.App.2004) (determining that the JAS applied in a case where a bank raised a claim in an administrative proceeding and then, upon learning that the administrative agency was an inappropriate forum, filed suit in court).

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

KIRSCH, J., and BRADFORD, J., concur.