**Gordon B. DEMPSEY and Gordon B. Dempsey, PC, Appellants–Plaintiffs,**

v.

**Todd H. BELANGER, Appellee–Defendant.**

No. 49A04–1104–CT–201.

Court of Appeals of Indiana.

Nov. 23, 2011.

Rehearing Denied Jan. 13, 2012.

Gordon B. Dempsey, Indianapolis, IN, Appellant pro se.

Daniel S. Tomson, Mercer Belanger, Indianapolis, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Gordon B. Dempsey and Gordon B. Dempsey, P.C. (collectively referred to as "Dempsey"), appeal the trial court's denial of his motion to reinstate his complaint against attorney Todd H. Belanger. Although Dempsey's complaint against Belanger had been dismissed on the merits in 2007, Dempsey contends that the Journey's Account Statute and Indiana Trial Rule 60(B)(7) allow him to continue his action against Belanger. Concluding that Dempsey is not entitled to continue his action against Belanger and that the trial court properly awarded attorney's fees to Belanger, we affirm the trial court in all respects. We also conclude that appellate attorney's fees are warranted and therefore remand this case for the limited purpose of determining Belanger's appellate attorney fees.

### Facts and Procedural History

This action is the latest installment in an ongoing series of legal proceedings concerning Dempsey's purchase of properties in Indianapolis. As noted in one of these federal decisions, "[t]his drama has unfolded in the Marion Superior Court, the Indiana Court of Appeals, the Indiana Supreme Court, the United States Bankruptcy Court, ... [the] United States District Court," and the Seventh Circuit. *Dempsey v. Carter*, No. 1:04–cv–0996–JDT–TAB, slip op. at 2 (S.D.Ind. Feb. 16, 2007). We, however, recite the facts relevant only to this appeal.

Dempsey, a licensed Indiana attorney who is representing himself in this matter, owned a property on Kessler Boulevard in

Indianapolis which he used as his office. The property also contained two rental units. JP Morgan Chase Bank held the mortgage on this property.

In 2004, Dempsey lost a six-figure judgment in Marion Superior Court to George and Oleva Carter. The trial court determined an amount of the deficiency and ordered an execution sale for the Kessler Boulevard property. The execution sale took place on May 18, 2005. Chase, who was the only bidder, bid the remaining amount of Dempsey's mortgage and won the property. Because Chase's bid was for the amount outstanding on the mortgage, the sale did nothing to reduce the Carters' judgment against Dempsey.

On June 3, 2005, Chase, represented by Belanger, petitioned the trial court for a writ of assistance to take possession of the Kessler Boulevard property. Dempsey filed a motion to set aside the May 18 sale and an objection to the writ of assistance. The trial court denied the motion and entered the writ of assistance. On July 19, the Sheriff evicted Dempsey and the tenants from the Kessler Boulevard property, which was also the day of the viewing for Dempsey's cousin. Dempsey had asked Chase for a delayed eviction because of his cousin's viewing and funeral, but Chase did not oblige him.

On June 6, 2006, Dempsey filed suit against Chase in Marion Superior Court, generally alleging that Chase violated his mortgage agreement when it bought the property at the execution sale and then evicted him. Chase removed the case to federal court based on diversity jurisdiction and filed a motion to dismiss. On February 16, 2007, the United States District Court for the Southern District of Indiana dismissed all but one of Dempsey's claims for failure to state a claim. *Dempsey*, No. 1:04–cv–0996–JDT–TAB. The district court remanded the remaining claim to state court because Dempsey lacked standing to pursue it in federal court. The district court also awarded Chase approximately $30,000 in attorney's fees.

Dempsey appealed the dismissal. On March 31, 2008, the United States Court of Appeals for the Seventh Circuit concluded that the district court lacked jurisdiction to hear one of the claims that the court had dismissed on the merits but otherwise affirmed the district court. *Dempsey v. JP Morgan Chase Bank*, 272 Fed.Appx. 499, 500–01 (7th Cir.2008). Specifically, the Seventh Circuit:

concluded that [Dempsey's] first subargument—that Chase breached the mortgage by paying too little—was really an attack on the state court's order allowing the execution sale, which expressly authorized mortgagees like Chase to bid the value of their liens. Thus, [the Seventh Circuit] concluded that the [district] court lacked jurisdiction to hear the claim. But the remaining claims—that Chase breached the mortgage agreement by evicting him and that its execution of the writ of assistance was unfair—[the Seventh Circuit] easily dismissed as wholly without merit. [The Seventh Circuit] remanded the case to the district court so that it could send the barred claim back to the state court.

*Dempsey v. JP Morgan Chase Bank*, 335 Fed.Appx. 614, 616 (7th Cir.2009). The Seventh Circuit also instructed the district court to recalculate attorney's fees to exclude any fees associated with the barred claim. On remand, the district court reduced the attorney's fees to approximately $22,000. Dempsey filed a motion to reconsider, which was denied. Dempsey again appealed to the Seventh Circuit, this time arguing that the award of attorney's fees was still too high, and the Seventh Circuit

affirmed the district court. *Id.* at 617. On January 25, 2010, Dempsey's lawsuit against Chase was remanded to state court for resolution of the remaining claims.

In the meantime, on July 19, 2007, Dempsey had filed a personal suit against Belanger in Marion Superior Court. Dempsey alleged that Belanger had advised Chase to seek possession of the Kessler Boulevard property, sought the writ of assistance in order to take possession of the property, instructed the Sheriff to remove the tenants (although the tenants had no notice and opportunity to be heard), and participated in the decision not to allow him a few extra days for the eviction based on his cousin's death. Dempsey also appeared to raise claims of invasion of privacy by intrusion and false light.

Belanger quickly filed a motion to dismiss. Belanger argued collateral estoppel in that the claims against him were the same claims that Dempsey brought against Chase. In addition, Belanger argued that Dempsey failed to state a claim upon which relief may be granted according to Indiana Trial Rule 12(B)(6) for failing to provide legal support for his claims. On August 27, 2007, Dempsey filed an amended complaint. Appellant's App. p. 129. On September 17, 2007, the trial court granted Belanger's motion to dismiss, but it did not articulate the basis for dismissal. *Id.* at 6. That same day, the trial court also struck Dempsey's amended complaint. Dempsey filed a motion to correct error, which the trial court denied. Dempsey did not appeal the dismissal.

Nearly three years later, on August 26, 2010, Dempsey filed a motion to reinstate his complaint against Belanger arguing that the Journey's Account Statute and Indiana Trial Rule 60(B)(7) entitled him to resurrect his litigation against Belanger. Following a hearing, the trial court denied Dempsey's motion to reinstate on January 13, 2011. The court found, in pertinent part:

> [Dempsey's] claim is not subject to the protections of the Journey's Account Statute. The evident purpose of the statute is to reach those cases where a suit is brought, and the plaintiff, from some cause other than negligence in its prosecution, fails to obtain a decision on the merits. The Journey's Account Statute is typically used to save an action filed in the wrong court.... In this case, [Dempsey] proposes an interpretation and application of the Journey's Account Statute not based on any relevant statute or case-law. [Dempsey] makes a series of arguments in his motion to reinstate, but fails to support any of these assertions with any statutory or case law. Essentially, what [Dempsey] has submitted is merely a collection of how the law should be applied to preserve his claim. By [Dempsey's] interpretation of the [Journey's Account] Statute, any claim dismissed for any reason other than negligence would enjoy the statute's protection, including claims previously settled on the merits. This Court is unwilling to extend the Journey's Account Statute that far.

> Additionally, [Dempsey] propose[s] that the statute applies to this claim because the initial complaint was dismissed based on "an ultimately ill founded collateral estoppel." However, [Dempsey] offer[s] no support for this assertion, and there is nothing in the record to support it. This case was dismissed by this Court on September 17, 2007, but the Order of Dismissal does not state the reason for such dismissal. [Dempsey] ha[s] once again stretched and bended the facts in the present situation to suit [his] needs. Therefore, as [Dempsey] ha[s] failed to

establish any of the requirements, the Journey's Account Statute is simply not applicable.

Next, we turn to [Dempsey's] argument that his claim should also be reinstated under Indiana Trial Rule 60(b)(7). Trial Rule 60(b)(7) does not require or justify reinstating [Dempsey's] complaint. [Dempsey] attempts to fashion a piecemeal interpretation of Trial Rule 60(b), whereby only phrases that are beneficial to his cause are cited. [Dempsey] argues again, without showing any facts supporting this assertion, that the dismissal was based on a prior judgment which has been reversed or is otherwise vacated. Once again, [Dempsey] offers nothing to suggest or support that the trial court based its dismissal on collateral estoppel. T.R. 60(B) does not provide a substitute for direct appeal.

Additionally, Trial Rule 60(B) states that a motion under section (7) shall be filed within a reasonable time. Even if the court had used collateral estoppel to dismiss Dempsey's initial Complaint, the Seventh Circuit Court of Appeals Order remanding the matter ... was entered March 31, 2008, and [Dempsey] waited more than two years before attempting to revive his claims. The courts have found that a "reasonable time" under T.R. 60(B) varies with the circumstances of each case.... Therefore, Trial Rule 60(b)(7) does not support reinstating [Dempsey's] complaint.

*Id.* at 9–12 (citations and quotations omitted). Finally, the trial court found that Dempsey's complaint was frivolous under Indiana Code section 34–52–1–1(b) and awarded Belanger approximately $2000 in attorney's fees. Dempsey filed a motion to correct error, which the trial court denied. Dempsey now appeals.

### Discussion and Decision

Dempsey raises two issues on appeal. First, he contends that the trial court erred in denying reinstatement of his complaint against Belanger under the Journey's Account Statute and Indiana Trial Rule 60(B)(7). Second, he contends that the trial court erred in awarding attorney's fees to Belanger. In his brief, Belanger requests appellate attorney's fees.

### I. Reinstatement

#### A. *Journey's Account Statute*

Dempsey contends that the trial court erred in denying reinstatement of his complaint against Belanger according to the Journey's Account Statute ("JAS"). The JAS provides in relevant part:

(a) This section applies if a plaintiff commences an action and:

(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

(2) the action abates or is defeated by the death of a party; or

(3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1) three (3) years after the date of the determination under subsection (a); or

(2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff.

Ind.Code § 34–11–8–1. The JAS generally permits a party to refile an action that has been dismissed on technical grounds. *Irwin Mortg. Corp. v. Marion Cnty. Treasurer*, 816 N.E.2d 439, 443 (Ind.Ct.App.

2004). The JAS's purpose is to ensure that a diligent suitor retains the right to a hearing in court until receiving a judgment on the merits. *Id.* at 444. "The prerequisites under th[is] statute ... are strict." 22A Stephen E. Arthur, *Indiana Practice: Civil Trial Practice* § 39.12 (2nd ed. 2007).

> A plaintiff cannot be said to "fail" within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith, *and fails upon some question which does not involve the merits of his case,* and if such failure is not due to negligence in its prosecution, the statute may be held to apply.

*Al–Challah v. Barger Packaging,* 820 N.E.2d 670, 674–75 (Ind.Ct.App.2005) (emphasis added) (quotation omitted). That is, the JAS provides for continuation when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending. *Id.* at 674; *see also Cox v. Am. Aggregates Corp.,* 684 N.E.2d 193, 195 (Ind.1997) (enabling an action dismissed for lack of personal jurisdiction in one state to be refiled in another state despite the intervening running of the statute of limitations). To invoke the benefits of the JAS, the claimant must have commenced a timely action that failed for reasons other than "negligence in the prosecution." *Eads v. Cmty. Hosp.,* 932 N.E.2d 1239, 1243 (Ind.2010). Examples of conduct which would likely be deemed negligence in prosecuting a case presumably include dismissal for failure to prosecute, dismissal for failure to comply with the discovery rules, failure to pay filing fees, and naming the wrong party. *Id.* at 1244; 22A Arthur, § 39.12.

Based on the above principles, we conclude that the JAS does not apply to this case. Dempsey filed his complaint in the correct forum. It was argued and dis-missed on the merits. Dempsey filed a motion to correct errors, which was also denied. Notably, Demspey did not amend his complaint following the dismissal or appeal.

Although the trial court did not indicate whether it was dismissing Dempsey's complaint on grounds of collateral estoppel or failure to state a claim pursuant to Trial Rule 12(B)(6)—both of which Belanger argued in his motion to dismiss, *see* Appellant's App. p. 31–41—this is immaterial. Both grounds operate as on the merits. *See* Ind. Trial Rule 41(B) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule *and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits.*" (emphasis added)); *Thacker v. Bartlett,* 785 N.E.2d 621, 624 (Ind.Ct.App. 2003) ("A plaintiff is entitled to amend his complaint pursuant to Trial Rule 12(B)(6) and Trial Rule 15(A), or to elect to stand upon his complaint and to appeal from the order of dismissal."; "A Trial Rule 12(B)(6) dismissal becomes an adjudication on the merits only after the complaining party opts to appeal the order instead of filing an amended complaint."); *see also* Appellant's App. p. 160 (Dempsey conceding, "A dismissal under TR 12(B)(6) probably becomes an adjudication on the merits, if plaintiff does not file an amended complaint after granting of the motion.").

Accordingly, because Dempsey's initial complaint was dismissed on the merits, the JAS simply does not apply. In essence, Dempsey is trying an end-run around his failure to appeal the 2007 dismissal of his complaint against Belanger on the merits. This is not the purpose of the JAS.[1]

Nevertheless, Dempsey argues that *Eads* controls this case. *Eads,* however, is

---

1. Dempsey notes that his failure to appeal the    dismissal is not fatal to his claim that the JAS

readily distinguishable from this case. In that case, the trial court dismissed the plaintiff's original complaint alleging premises liability for lack of jurisdiction because the plaintiff failed to comply with the Medical Malpractice Act's procedural requirement of filing a proposed complaint with the Indiana Department of Insurance before filing it with the trial court. *Eads*, 932 N.E.2d at 1242. Eads had filed a proposed complaint with the IDOI alleging the same circumstances two weeks before the trial court's dismissal, but the Medical Malpractice Act's statute of limitations had already expired. *Id.* Our Supreme Court concluded that the plaintiff's IDOI claim was a continuation of her original claim pursuant to the JAS. *Id.* at 1247. The Supreme Court specifically noted that the trial court's dismissal of the plaintiff's original complaint for lack of subject matter jurisdiction was a "fail[ure] in the action" under subsection (a)(1) of the JAS. *Id.* at 1243 n. 2. Here, however, because Dempsey's first complaint was dismissed on the merits and not for lack of subject matter jurisdiction, it does not qualify as a failure in the action.

### B. Trial Rule 60(B)(7)

█ Dempsey next contends that the trial court erred in denying reinstatement of his complaint according to Trial Rule 60(B)(7), which provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment,

applies to this case. *See Eads*, 932 N.E.2d at 1244. Because we find that the JAS does not apply because Dempsey's initial complaint was dismissed on the merits, there is no need to determine whether Dempsey's failure to appeal precludes application of the JAS.

2. Specifically, the Seventh Circuit reversed the district court's dismissal of only one claim:

including a judgment by default, for the following reasons:

\* \* \* \* \* \*

> (7) the judgment has been satisfied, released, or discharged, *or a prior judgment upon which it is based has been reversed or otherwise vacated,* or it is no longer equitable that the judgment should have prospective application[.]

(Emphasis added). A motion based on subsection (B)(7) shall be filed "within a reasonable time." Ind. Trial Rule 12(B). In addition, Trial Rule 60(B) cannot be used to revive an expired attempt to appeal. *Masterson v. State*, 511 N.E.2d 499, 500 (Ind.Ct.App.1987). Further, Trial Rule 60(B) "envisions exceptional and extraordinary circumstances." *Id.*

The decision of whether to grant or deny a Trial Rule 60(B) motion for relief from judgment is within the sound, equitable discretion of the trial court. *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind.2002). We will not reverse a denial of a motion for relief from judgment in the absence of an abuse of discretion. *Id.*

Dempsey argued to the trial court that because the court's dismissal of his action against Belanger was based upon the district court's dismissal of his action against Chase and the district court's dismissal was later reversed in (very small) part by the Seventh Circuit,[2] motion for relief from judgment under subsection (B)(7) was warranted. Appellant's App. p. 170. The trial court denied Dempsey's motion for two

In attacking the price that Chase paid for the Kessler property, Dempsey is attacking the state court's order allowing the execution sale, which expressly authorized mortgagees like Chase to bid the value of their liens. It makes no difference for purposes of the *Rooker–Feldman* doctrine that his basis for doing so is a mortgage agreement; it is not the case that Dempsey was injured under the agreement prior to the sale and the state court simply failed to redress that

reasons: (1) the trial court did not explicitly dismiss Dempsey's action against Belanger according to collateral estoppel and (2) even if it did, Dempsey did not file his motion to reinstate within a reasonable time. *See id.* at 11 ("Even if the court had used collateral estoppel to dismiss Dempsey's initial Complaint, the Seventh Circuit Court of Appeals Order remanding the matter ... was entered March 31, 2008, and [Dempsey] waited more than two years before attempting to revive his claims."). On appeal, Dempsey argues that an "abuse of discretion probably occurred" when the trial court denied his Trial Rule 60(B)(7) motion because the delay here was generally within the time frame allowed for such a motion. Appellant's Br. p. 11.

According to Indiana Practice,

[Trial Rule 60(B)(7) ] provides that relief from judgment may be granted if a prior judgment upon which a judgment is based has been reversed or otherwise vacated. This portion of the rule applies only to related judgments where the second judgment is based upon the first judgment, and the first has been reversed or otherwise vacated; it does not apply to unrelated cases.

22A Arthur, § 37.14. In addition,

Relief from judgment under Trial R. 60(B)(7) has been denied where a party challenges a final judgment because an appellate court, in a subsequent and unrelated case, declares the law to be contrary to that applied by the trial court in the moving party's underlying action. Professor Harvey states: "It is irrelevant that the court made an error of law in deciding the case. The fact that a subsequent decision in the appellate court recognized error in an unrelated case does not alter this. It only demonstrates that had the moving party in the principal case appealed, the moving party would have succeeded, assuming identical questions were presented. Where a party foregoes appeal and accepts the judgment, the party becomes bound by the law of the case and must then assert additional, extraordinary circumstances to invoke the court's equity powers to relieve it from that finality."

22B Stephen E. Arthur, *Indiana Practice: Civil Trial Rule Handbook* § 60:2 Comment (2011) (footnotes omitted).

Here, Dempsey seeks to have his complaint against Belanger reinstated based on the Seventh Circuit's 2008 opinion in Dempsey's action against Chase. Because the Seventh Circuit's opinion involved only Chase and not Belanger and because Dempsey did not appeal the trial court's dismissal of his complaint against Belanger, Trial Rule 60(B)(7) does not apply to this case.[3] Moreover, Dempsey does not argue that extraordinary circumstances exist. The trial court did not abuse its discretion in denying Dempsey's Trial Rule 60(B)(7) motion for relief from judgment.

---

injury. Thus, the district court did not have subject-matter jurisdiction over Dempsey's mortgage-agreement claim to the extent it takes issue with Chase's purchase of the Kessler property, and we must vacate the district court's dismissal on the merits and instruct the district court to remand the claim to the Indiana court from which it was removed.

*Dempsey*, No. 1:04–cv–0996–JDT–TAB, slip op. at 4 (citations omitted).

3. Dempsey appears to argue that because Belanger, in his motion to dismiss, relied on Dempsey's action against Chase in federal court which the district court dismissed to prove that collateral estoppel applied, the cases are indeed related according to this rule. We note that the trial court did not indicate in its dismissal order whether it was dismissing Dempsey's claim again Belanger based on collateral estoppel or failure to state a claim. Because Dempsey took no further action, this judgment became final.

## II. Attorney's Fees

■ Finally, Dempsey contends that the trial court erred in awarding approximately $2000 in attorney's fees to Belanger for defending the motion to reinstate and instead contends that *he* is entitled to such fees. The trial court found that Dempsey's action was frivolous and awarded attorney's fees to Belanger according to Indiana Code section 34–52–1–1(b), which provides:

> (b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
>> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>>
>> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>>
>> (3) litigated the action in bad faith.

The decision of the trial court to award fees is reviewed under an abuse of discretion standard. *Noble Cnty. Bd. of Comm'rs v. Fahlsing,* 714 N.E.2d 1134, 1139 (Ind.Ct.App.1999), *reh'g denied, trans. denied.* In the absence of an affirmative showing of error or abuse of discretion, we must affirm the trial court. *Id.*

Here, in awarding attorney's fees to Belanger, the trial court reasoned:

> [Dempsey's] entire argument for reinstatement relies on the Journey's Account Statute and TR 60(b)(7), which do not apply to the case at hand. Furthermore, [Dempsey] is attempting to revive a case which was dismissed nearly three years ago despite never having appealed this matter and having been unsuccessful in a 2007 Motion to Correct Errors. [Dempsey] fails to support his Motion to Reinstate with a rational argument from existing caselaw. Rather, this is an unfounded attempt to revive a claim which has long been settled.

Appellant's App. p. 12. We conclude that the trial court did not abuse its discretion in awarding attorney's fees to Belanger. Dempsey's claims against Chase and Belanger have been largely unsuccessful in a number of state and federal courts. Nevertheless, Dempsey attempts to bring his claims despite the growing number of decisions against him. Concerning this case, Dempsey attempts to resurrect a 2007 action against Belanger, in which a trial court ruled against him and which he did not appeal, by using law which has no application to this case. We therefore affirm the trial court's award of attorney's fees to Belanger and reject Dempsey's argument that he is the one who is entitled to such fees "based on the clarity of *Eads.*" Appellant's Br. p. 19.

As a final matter, Belanger requests appellate attorney's fees according to Indiana Appellate Rule 66(E), which provides that "[t]he court may assess damages if an appeal … is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees. The Court shall remand the case for execution." Our discretion to award attorney's fees is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Thacker v. Wentzel,* 797 N.E.2d 342, 346 (Ind.Ct.App.2003). For the same reasons as above, we award Belanger appellate attorney's fees and remand this case to the trial court for it to calculate the amount of appellate attorney's fees Belanger is entitled to recover.

Affirmed and remanded.

FRIEDLANDER, J., and DARDEN, J., concur.