

FILED
May 12 2015, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christa Allen, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> State of Indiana, Indiana Department of Correction, <br> *Appellees-Defendants* | May 12, 2015 <br><br> Court of Appeals Case No. 61A01-1412-PL-542 <br><br> Appeal from the Parke Circuit Court <br><br> The Honorable Samuel A. Swaim, Judge <br><br> Case No. 61C01-1108-PL-322 |

**Crone, Judge.**

## Case Summary

Christa Allen appeals the trial court's order granting a motion for judgment on the pleadings after she filed a complaint for personal injury damages against the State of Indiana and the Indiana Department of Correction (collectively "the DOC"). The sole restated issue presented for our review is whether the trial

court erred when it granted judgment on the pleadings in favor of the DOC. Finding no error, we affirm.

## Facts and Procedural History

[2] The material facts alleged by Allen indicate that, in April 2007, she was a post-surgery transgender prisoner incarcerated in the Rockville Correctional Facility in Parke County. During her incarceration, the DOC denied Allen the continued use of her vaginal stent and refused to provide a substitute device, which caused atrophy, injury, and ruination of her previous surgery.

[3] On June 30, 2008, Allen filed a complaint against the DOC in the Marion Superior Court seeking personal injury damages.[1] The DOC filed a motion to dismiss the complaint on August 15, 2008, arguing that Allen did not timely file a notice of tort claim pursuant to the Indiana Tort Claims Act ("ITCA"). The trial court granted the motion and dismissed the case on August 25, 2008. Allen did not appeal that ruling.

[4] Three years later, on August 25, 2011, Allen filed the instant complaint against the DOC in the Parke Circuit Court alleging the same conduct by the DOC and again seeking personal injury damages. Allen argued that the Marion Superior Court's previous order dismissing her claim was erroneous and premised upon

---

[1] We note that Allen also filed a medical malpractice claim against the prison physicians involved in her medical care. The trial court entered summary judgment in favor of the physicians. On appeal, another panel of this Court reversed that ruling. *See Allen v. Hinchman*, 20 N.E.3d 863 (Ind. Ct. App. 2014), *trans. pending*.

the application of an incorrect subsection of the ITCA. Because the two-year personal injury statute of limitations had long since expired, Allen asserted that this new complaint could proceed as a continuation of her previous claim pursuant to the Journey's Account Statute ("the JAS"), Indiana Code Section 34-11-8-1.

[5] The DOC filed a motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C) asserting that Allen's complaint for personal injury damages was time-barred and that the JAS was inapplicable to save the claim. The trial court granted the motion and entered judgment on the pleadings in favor of the DOC. This appeal ensued.

## Discussion and Decision

[6] We review de novo a trial court's ruling on a Trial Rule 12(C) motion. *Veolia Water Indianapolis, LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, 5 (Ind. 2014). We accept as true the material facts alleged in the complaint and base our ruling solely on the pleadings. *Id*. "A Rule 12(C) motion for judgment on the pleadings is to be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted." *Id*. (quoting *Murray v. City of Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010)).

[7] It is undisputed that Allen's current complaint against the DOC was filed well outside the two-year statute of limitations applicable to personal injury claims. *See* Ind. Code § 34-11-2-4 (providing that an action for "injury to person" must be commenced within two years after the cause of action accrues). Allen

maintains that the JAS, Indiana Code Section 34-11-8-1, applies to preserve her original, timely-filed claim and save her current complaint from judgment on the pleadings. The JAS provides:

> (a) This section applies if a plaintiff commences an action and:
>
>> (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
>>
>> (2) the action abates or is defeated by the death of a party; or
>>
>> (3) a judgment is arrested or reversed on appeal.
>
> (b) If subsection (a) applies, a new action may be brought not later than the later of:
>
>> (1) three (3) years after the date of the determination under subsection (a); or
>>
>> (2) the last date an action could have commenced under the statute of limitations governing the original action;
>
> and be considered a continuation of the original action commenced by the plaintiff.

Ind. Code § 34-11-8-1.

[8] We have explained that the JAS, when applicable, "serves to resuscitate actions that have otherwise expired under the statute of limitations." *Irwin Mortg. Corp. v. Marion Cnty. Treasurer*, 816 N.E.2d 439, 443 (Ind. Ct. App. 2004). The statute's typical use is to save an action originally filed in the wrong court. *Id.* at 444. It has been interpreted to generally permit "a party to refile an action that has been dismissed on technical grounds." *Dempsey v. Belanger*, 959 N.E.2d 861, 865 (Ind. Ct. App. 2011), *trans. denied* (2012). The purpose of the JAS is to ensure that a diligent suitor retains the right to a hearing in court until receiving a judgment on the merits. *Id.* In other words, the JAS provides for

continuation of the original action when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending. *Al-Challah v. Barger Packaging*, 820 N.E.2d 670, 674 (Ind. Ct. App. 2005).

[9] "Thus, under some circumstances the JAS permits a filing after the applicable limitation period to be deemed a 'continuation' of an earlier claim." *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1243 (Ind. 2010). "The JAS is not an exception to the statute of limitations; it merely allows the continuation of a previous suit filed within the statute of limitations." *Hayes v. Westminster Village North, Inc.*, 953 N.E.2d 114, 118 (Ind. Ct. App. 2011) (citing *Vesolowski v. Repay*, 520 N.E.2d 433, 435 (Ind. 1988)), *trans. denied* (2012). It is well settled that in order for the saving power of the JAS to apply, the decision ending the previous suit must not have been a decision on the merits. *Vesolowski*, 520 N.E.2d at 435.

[10] Here, the trial court dismissed Allen's original complaint on grounds that she failed to give proper tort claim notice to the DOC pursuant to the ITCA. This Court has held that dismissal of a complaint for failure to comply with the notice provisions of the ITCA constitutes an adjudication on the merits. *Creech v. Town of Walkerton*, 472 N.E.2d 226, 228-29 (Ind. Ct. App. 1984); *accord Rodgers v. Martinsville Sch. Corp.*, 521 N.E.2d 1322, 1326 (Ind. Ct. App. 1988), *trans. denied*. Accordingly, even assuming that the trial court's dismissal of Allen's original claim was erroneous as she now alleges, such dismissal was still a decision on the merits. Therefore, the JAS is not available to save Allen's current claim.

In sum, the JAS is inapplicable, and it is clear from the face of Allen's complaint that her claim is time-barred and that under no circumstances could relief be granted. The trial court properly dismissed the action pursuant to Indiana Trial Rule 12(C). Consequently, we affirm.

Affirmed.

Brown, J., and Pyle, J., concur.