NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 20, 2018[*]
Decided July 30, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 18-1571 <br><br> VARNADOR SUTTON, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> JUVAL O. SCOTT and <br> JOHANNA M. CHRISTIANSEN, <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:17-cv-01777-RLY-DML <br> Richard L. Young, *Judge*. |

**Order**

The judgment following Varnador Sutton's conviction for health-care fraud, 18 U.S.C. §1347, included more than $3 million in restitution and an order forfeiting his property to pay some of that obligation. See Fed. R. Crim. P. 32.2(e)(1)(B). The forfeited property was sold. Years later Sutton sued his lawyers for malpractice, contending that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a)(2)(C).

they should have challenged the forfeiture as part of his criminal appeals. The district court entered summary judgment, ruling that the suit is untimely.

Sutton took two direct appeals, neither of which entailed a challenge to the forfeiture. The first led to a remand for resentencing, 582 F.3d 781 (7th Cir. 2009), and the second to an order affirming the revised sentence. *United States v. Sutton*, No. 09-4140 (7th Cir. July 13, 2011) (nonprecedential disposition). Sutton's lawyer on the first appeal was Juval Scott, a federal defender; his lawyer on the second was Johanna Christiansen, also a federal defender. Sutton asserts that he directed each lawyer to contest the forfeiture and that each refused, telling Sutton that there was no non-frivolous basis for an appellate contest.

Sutton then acted on his own to oppose the forfeiture, but his requests have come to naught. See *Sutton v. United States*, No. 14-2290 (7th Cir. Mar. 20, 2015) (nonprecedential disposition). Next Sutton sued Scott and Christiansen. The district court concluded that a tort claim against the lawyers accrued at the latest when each stopped representing Sutton (2010 for Scott, 2011 for Christiansen). Applying the two-year statute of limitations in the Federal Tort Claims Act, 28 U.S.C. §2401(b), the district court found the suit untimely.

Reliance on §2401(b) was a misstep. That provision applies to a "tort claim against the United States", which this suit is not. Scott and Christiansen were federal employees when they represented Sutton, and they could have asked the Attorney General to substitute the United States as the defendant under the Westfall Act. 28 U.S.C. §2679(c), (d). But they did not make such a request, so the suit remained one against them personally rather than one against the United States. See *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). Section 2401(b) is accordingly irrelevant, and the period of limitations must come from state law—here Indiana's, for Scott and Christiansen both represented Sutton in Indiana.

Indiana allows two years for legal-malpractice suits. Ind. Code §34-11-2-3. The time starts with the plaintiff's discovery of the injury. *Godby v. Whitehead*, 837 N.E.2d 146, 150–51 (Ind. App. 2005). When each defendant told Sutton that forfeiture would not be raised as an appellate issue, Sutton knew that the point likely would be lost; and the injury was realized no later than when this court affirmed the judgment without raising forfeiture on its own initiative. These events all occurred more than two years before Sutton filed the current suit.

Sutton tells us that he did not discover his injury until he learned in 2015 that his claim directly against the United States was unavailing—that the objection to the forfei-

ture, which was part of the criminal judgment, had to occur in the criminal case. But by his own admission Sutton knew that this was a potential issue in the criminal appeals. He asked his lawyers to present it. They refused—not because the argument should be made in a separate suit, but because the arguments that Sutton wanted to make would have been frivolous. Thus he discovered his loss no later than July 13, 2011, when his criminal judgment, including the forfeiture, was affirmed.

According to Sutton the Journey's Account Statute in Indiana, Ind. Code §34-11-8-1, gives him time to file a new suit after prior litigation has been dismissed. He asserts that the dismissal of his suit against the United States in 2015 opened a new window for litigation. But the Journey's Account Statute applies only if the new suit asserts "fundamentally the same claim", *Eads v. Community Hospital*, 932 N.E.2d 1239, 1245 (Ind. 2010), against the same defendants, *Torres v. Parkview Foods*, 468 N.E.2d 580, 582 (Ind. App. 1984) (construing the current law's predecessor). This suit does not meet that description. The suit against the United States sought to rescind the forfeiture; this suit seeks damages for an accomplished loss. And a tort action against one's lawyers is not remotely the "same claim" against the same party as a substantive dispute with one's original adversary.

AFFIRMED