**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2847
_____

JEREMY G. MILLER,
                                        Appellant

v.

MONSANTO COMPANY

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:24-cv-00011)
District Judge: Honorable Jennifer L. Hall

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 14, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jeremy G. Miller appeals pro se from the District Court's dismissal of his complaint. We will affirm.

Miller brought a products liability action against Monsanto Company ("Monsanto"), alleging injuries from exposure to Roundup®-branded herbicides. According to his complaint, Miller worked at Pioneer Hi-Bred International Inc. in Plymouth, Indiana "for at least six months" beginning on June 27, 2011. Miller alleges he was exposed to glyphosate-containing Roundup® products during his employment and was then diagnosed with testicular cancer in November 2012. He initiated this action on January 5, 2024, raising claims of negligence, strict products liability – design defect, strict products liability – failure to warn, and breach of implied warranties.[1] Monsanto filed a motion to dismiss the complaint. On September 10, 2025, the District Court granted the motion, holding that Miller's claims are barred by the statute of repose in the Indiana Products Liability Act ("ILPA"). Miller timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a District Court's grant of a motion to dismiss under Federal Rule of Civil Procedure

---

[1] Miller filed a nearly identical suit against Pioneer Hi-Bred and Monsanto in 2022 in the Northern District of Mississippi, where the District Court dismissed his claims against Monsanto for lack of personal jurisdiction. *See Miller v. Monsanto Co.*, No. 22-18, 2022 WL 14812684, at *4 (N.D. Miss. Oct. 25, 2022). The court denied reconsideration on February 27, 2023.

12(b)(6) is de novo. *See In re Allergan Erisa Litig.*, 975 F.3d 348, 353 n.9 (3d Cir. 2020) (citation omitted). Because Miller is proceeding pro se, we liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But pro se litigants still must "abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Miller was a resident of Indiana at the time he was allegedly exposed to Roundup® products, as well as at the time of his testicular cancer diagnosis. The parties do not dispute that his claims are governed by the IPLA.[2] *See Hathaway v. Cintas Corp. Servs. Inc.*, 903 F. Supp. 2d 669, 673 (N.D. Ind. 2012) (explaining that the IPLA "governs all actions brought by a user or consumer against a manufacturer or seller for physical harm caused by a product, regardless of the legal theory upon which the action is brought"). The ILPA has a 10-year statute of repose which provides that "a product liability action must be commenced . . . within ten (10) years after the delivery of the product to the initial user or consumer." Ind. Code § 34-20-3-1(b). It is not subject to equitable tolling. *See Cortez v. Cook*, 27 F.4th 563, 567 (7th Cir. 2022) (quoting *Blackford v. Welborn Clinic*, 172 N.E.3d 1219, 1225 (Ind. 2021)).

---

[2] Applying Delaware choice of law rules, the District Court applied the "most significant relationship test" of the Second Restatement of Conflict of Laws. *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991). The parties do not object to the conclusion that Indiana law should apply, so we treat that matter as settled.

We discern no error in the District Court's judgment.[3] Miller alleges he was last exposed to Roundup® products in November 2011. Therefore—as the District Court found—the Roundup® products at issue must have been delivered to the initial user or consumer no later than November 2011. Miller did not file his original action against Monsanto until June 2022—more than 10 years after the latest possible delivery date.[4] Accordingly, the District Court correctly determined that his claims are barred by the IPLA's statute of repose.

On appeal, Miller argues that the District Court erred by failing to apply an exception in the statute of repose to his claims. The IPLA further provides that "if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues." Ind. Code. § 34-20-3-1. He contends that his cause of action accrued within the eight-to-10-year window, meaning he had "all 12 years," or until June 2023, to

---

[3] Ordinarily, a limitations defense is an affirmative defense that must be pleaded and is subject to waiver. However, a timeliness defense may be raised under Rule 12(b)(6) where, as here, the time-bar is apparent on the face of the complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

[4] It appears that the District Court determined Miller's action in the District of Delaware was a continuation of his action in the Northern District of Mississippi under Indiana's "Journey's Account Statute," which provides for continuation of the original action when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending. *See Allen v. State*, 30 N.E.3d 1280, 1282-83 (Ind. Ct. App. 2015) (citing Ind. Code. § 34-11-8-1).

4

file. CA No. 8 at 5. However, Monsanto correctly points out that Miller did not rely on this exception in the District Court.

We do not consider arguments that were not raised in the District Court. *See Webb v. City of Phila.*, 562 F.3d 256, 263 (3d Cir. 2009); *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1012 (6th Cir. 2022) (explaining that the court will not consider de novo a claim raised for the first time on appeal when the plaintiff failed to raise the timeliness argument in response to defendant's motion to dismiss on statute-of-limitation grounds).[5] "It is axiomatic that arguments asserted for the first time on appeal are deemed to be [forfeited] and consequently are not susceptible to review in this Court absent exceptional circumstances." *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406 (3d Cir. 2011) (citation modified). Such circumstances can arise "when public interest requires that the issues be heard or when a manifest injustice would result from the failure to consider the new issues." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (citation modified). However, no exceptional circumstances are present here. *Cf. Mala*, 704 F.3d at 254 (explaining pro se litigants "must abide by the same rules that apply to all other litigants").

Accordingly, we will affirm the District Court's judgment.

---

[5] We also do not consider any issues discussed for the first time in a reply brief. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017).